UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELENA D. DIAZ; FELIX MARTINEZ DE
LA CRUZ,

                          Plaintiffs,

              -against-

RICHARD JAMES FRASER; KAREN
FRASER,

                          Defendants.

26-CV-3511 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs, residents of Bronx County, New York, filed this *pro se* action invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. They assert claims arising from a car accident that occurred in New Hampshire, involving Defendants who reside in New Hampshire. For the following reasons, the Court transfers this action to the United States District Court for the District of New Hampshire.

## DISCUSSION

Under the general venue provision a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiffs allege that Defendants reside in New Hampshire, and that the events or omissions giving rise to their claims arose in New Hampshire. Thus, venue is not proper in this Court under § 1391(b)(1) or (2). Because Defendants reside in New Hampshire and Plaintiffs' claims arose in New Hampshire, under § 1391(b)(1) or (2), venue is proper in the United States District Court for

the District of New Hampshire. *See* 28 U.S.C. § 109. The Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the District of New Hampshire. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Hampshire. Whether Plaintiffs should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[1] Summonses shall not issue from this Court. The Court waives Local Civil Rule 83.1, which requires a seven-day delay before the Clerk of Court may transfer a case. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    May 5, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[1] Plaintiffs did not submit applications for leave to proceed *in forma pauperis* with the complaint.